
**Fox Rothschild** LLP
ATTORNEYS AT LAW

101 Park Avenue, 17th Floor
New York, NY 10178
Tel (212) 878-7900  Fax (212) 692-0940
www.foxrothschild.com

JONATHAN R. LAGARENNE
Direct No: 303.383.7684
Email: JLagarenne@FoxRothschild.com

December 14, 2020

**VIA ECF**
Honorable J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square, Room 2101
New York, NY 10007

Re:     **DFO Global Performance Commerce Limited (Canada), et al. v. Nirmel, et al.,
        No. 20-cv-06093(JPO)**

Dear Judge Oetken:

        This firm represents Plaintiffs DFO Global Performance Commerce Limited (Canada),
DFO Global Performance Commerce Limited (Nevada), Verve Direct Limited, and Make Great
Sales Limited (collectively, "Plaintiffs") in the above-referenced matter. Plaintiffs write to
respectfully request permission to redact their Memorandum of Law in Opposition to Defendant
Krishna Delahunty Nirmel's Motion to Dismiss Plaintiffs' Amended Complaint, Memorandum of
Law in Opposition to Motion to Dismiss Plaintiffs' Amended Complaint by Defendants Daniel
Hughes, Shaina Flynn Stevens, Scented Geranium Ltd., and the Real Steve Life, Inc., and
supporting Declaration in order to protect the privacy and reputation of the non-party declarant.

        "There is a three-step process in analyzing the common law right of access. First, the
document at issue must be a 'judicial document,' i.e., a document that is 'relevant to the
performance of the judicial function and useful in the judicial process.'" *United States v. Correia*,
No. 19-CR-725-3 (JPO), 2020 WL 6683097, at *1 (S.D.N.Y. Nov. 12, 2020) (Oetken, J.) (quoting
*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)). "Second, if the
document is a judicial document, a "common law presumption of access attaches," at which point
the Court must "determine the weight of that presumption." *Id.* (quoting *Lugosch*, 435 F.3d at
119). Finally, "the assigned weight of the common law presumption is to be balanced against any
'countervailing factors.'" *Id.* (quoting *Lugosch*, 435 F.3d at 120).

A Pennsylvania Limited Liability Partnership

California      Colorado      Delaware      District of Columbia      Florida      Georgia      Illinois      Minnesota      Nevada
New Jersey      New York      North Carolina      Pennsylvania      South Carolina      Texas      Virginia      Washington



Honorable J. Paul Oetken
December 14, 2020
Page 2

Here, the request to redact is as narrowly tailored as possible. Plaintiffs request only to redact the name of a non-party declarant in order to protect the non-party from backlash and reputational harm due to his willingness to come forward with the information he has regarding the actions of the Defendants. "[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *Application of Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990) (quoting *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) (alteration in original). *See also Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-cv-1209 (CSH), 2013 WL 4012772, at *17 (D. Conn. Aug. 5, 2013). Because the scope of the requested redaction is narrowly tailored to protect a non-party's privacy and reputation, Plaintiffs' respectfully submit that the request should be granted.

We thank the Court for its attention to this matter.

Respectfully submitted,

*s/ Jonathan R. Lagarenne*

Jonathan R. Lagarenne

cc:   Gabriel Levinson (via ECF)
      Nicholas Cutaia (via ECF)
      Eric Packel (via ECF)
      Darnell Stanislaus (via ECF)
      Andrew O'Connor (via ECF)